

U.S. Department of Justice

*Michael K. Loucks*
*Acting United States Attorney*
*District of Massachusetts*

7/22/09

*Main Reception: (617) 748-3100*

John Joseph Moakley United States Courthouse

1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

May 12, 2009

09-CR-10193-RWZ

William J. Lovett, Esq.
Dwyer & Collora, LLP
600 Atlantic Avenue
Boston, MA 02210-2211

Re:   Frank T. DeMaio

Dear Mr. Lovett:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Frank T. DeMaio ("DeMaio"), in connection with the investigation of DeMaio's federal income tax returns for the tax years 2002 through 2005. The Agreement is as follows:

    1.    Waiver of Indictment and Guilty Plea

    At the earliest practicable date, DeMaio shall waive indictment and plead guilty to an Information charging him with one count of Filing a False Tax Return in violation of 26 U.S.C. §7206(1), in substantially the form attached. DeMaio expressly and unequivocally admits that he committed the crime charged in the Information; did so knowingly and willfully; and is in fact guilty of that offense.

    2.    Penalties

    DeMaio faces the following maximum penalties: three years imprisonment, a $250,000 fine, one year of supervised release, and a $100 mandatory special assessment.

    3.    Sentencing Guidelines

    The sentence to be imposed upon DeMaio is within the discretion of the sentencing court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing

Reform Act, and the United States Sentencing Guidelines promulgated thereunder. The Sentencing Guidelines are advisory, not mandatory and, as a result, the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine. In imposing the sentence, the Court must consult and take into account the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties will take the following positions at sentencing with respect to the application of the Sentencing Guidelines:

    (a)    The parties agree to take the positions that: (1) the applicable sentencing guideline is U.S.S.G. §2T1.1; and (2) the applicable tax loss, including the tax loss for the years 2002 through 2005 as relevant conduct, is more than $200,000 but not more than $400,000, for a base offense level of 18 under U.S.S.G. §2T1.1(a)(1) and §2T4.1(G);

In the event DeMaio contends that there is a basis for departure from, or a sentence outside, the otherwise applicable Sentencing Guideline range based on his medical, mental and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, DeMaio will, forthwith upon request, execute all releases and other documentation necessary to permit the U.S. Attorney and his experts (including medical personnel of the Bureau of Prisons) to obtain access to DeMaio's medical, psychiatric, and psychotherapeutic records and will also provide to the U.S. Attorney forthwith copies of any such records already in his possession. In addition, DeMaio will authorize his care providers to discuss his condition with the U.S. Attorney and his agents (including medical personnel of the Bureau of Prisons), as well as experts retained by the U.S. Attorney. DeMaio also agrees to submit to examinations and interviews with experts retained by and chosen by the U.S. Attorney (including medical personnel of the Bureau of Prisons).

DeMaio agrees that he will provide to the U.S. Attorney all documents, including but not limited to expert reports and legal memoranda, which he submits to the Probation Office in connection with the preparation of the Presentence Report, no later than seven days after they are submitted to the Probation Office. To the extent that DeMaio intends to rely at sentencing on any evidence not submitted previously to the Probation Office, DeMaio agrees to provide it to the U.S. Attorney not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all such evidence has not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived. DeMaio reserves the right to file a sentencing memorandum with the Court within the time set by the Court.

The U.S. Attorney will oppose any argument for a departure or sentence outside the Guidelines under the factors set forth in 18 U.S.C. §3553(a).

Based on DeMaio's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney

agrees to recommend that the Court reduce by three levels DeMaio's Adjusted Offense Level under U.S.S.G. §3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. §3E1.1 if, at any time between his execution of this Agreement and sentencing DeMaio:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which DeMaio is accountable under U.S.S.G. §1B1.3;

(d) Fails to provide truthful information about his financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which DeMaio is accountable under U.S.S.G. §1B1.3;

(f) Engages in acts which form a basis for finding that DeMaio has obstructed or impeded the administration of justice under U.S.S.G. §3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(I) Transfers any asset protected under any provision of this Agreement; and/or

(j) Attempts to withdraw his guilty plea.

DeMaio expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

DeMaio expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to U.S.S.G. §3C1.1 if DeMaio obstructs justice after date of this Agreement.

4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the District Court:

    (a)    Incarceration at the low end of the applicable sentencing guidelines range as determined by the court, but in no event less than 18 months;

    (b)    A fine at the low end of the applicable guidelines range as determined by the court;

    (c)    A $100 mandatory special assessment; and

    (d)    One year of supervised release.

DeMaio reserves the right to make any sentencing recommendation to the court with respect to the application of the guidelines factors enumerated in 18 U.S.C. §3553(a) and the sentence to be imposed. Notwithstanding that reservation, DeMaio shall join in a recommendation that the following special conditions be part of any term of supervised release or probation:

During the period of supervised release, DeMaio must, within six months of sentencing or release from custody, whichever is later:

    (a)    Cooperate with the Examination and Collection Divisions of the Internal Revenue Service;

    (b)    Provide to the Examination Division all financial information necessary to determine DeMaio's prior tax liabilities;

    (c)    Provide to the Collection Division all financial information necessary to determine DeMaio's ability to pay;

    (d)    File accurate and complete tax returns for those years for which returns were not filed or for which inaccurate returns were filed or, in lieu of filing such return(s), agree to an assessment with the IRS for any years for which an inaccurate return was filed; and

    (e)    Make a good faith effort to pay all delinquent and/or additional taxes, interest and penalties.

5. <u>Payment of Mandatory Special Assessment</u>

DeMaio agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless DeMaio establishes to the satisfaction of the Court that DeMaio is financially unable to do so.

DeMaio further agrees that, prior to sentencing, he will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

6. <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>.

a. DeMaio has conferred with his attorney and understands that he has the right to challenge both his conviction and his sentence on direct appeal. DeMaio also understands that he may, in some circumstances, be able to argue that his conviction and/or sentence should be set aside or reduced in a collateral challenge, such as pursuant to a motion under 28 U.S.C. §2255 or 18 U.S.C. §3582(c).

b. DeMaio waives any right he has to challenge his conviction on direct appeal or in collateral challenge.

c. DeMaio agrees that he will not file a direct appeal nor collaterally challenge any imprisonment sentence that is 18 months or less. This provision is binding even if the Court employs a Guidelines analysis different from that set forth in this Agreement.

d. The U.S. Attorney likewise agrees that, regardless of the analysis employed by the Court, he will not appeal any imprisonment sentence of 18 months or more.

7. <u>Other Post-sentence Events</u>

a. In the event that, notwithstanding the waiver provision of ¶6(c), DeMaio appeals or collaterally challenges his sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the district court (in addition to arguing that any appeal or collateral challenge is waived as a result of the waiver in ¶6).

b. In the event of a re-sentencing following an appeal from or collateral challenge to DeMaio's sentence, the U.S. Attorney reserves the right to seek a departure from the Sentencing Guidelines and a sentence outside the Sentencing Guidelines if, and to the extent, necessary to reinstate the sentence advocated by the U.S. Attorney at DeMaio's initial sentencing pursuant to this agreement.

8. <u>Court Not Bound by Agreement</u>

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the

sentencing judge. Within the maximum sentence which DeMaio faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. DeMaio's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). DeMaio may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may DeMaio withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

9.   Information For Presentence Report

DeMaio agrees to provide all information requested by the U.S. Probation Office concerning his assets.

10.   Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which DeMaio may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph 1 of this Agreement. Demaio agrees to cooperate with employees of the IRS, the Civil Division of the U.S. Attorney's Office, and law enforcement agents working with attorneys in the Civil Division of the U.S. Attorney's Office, in making an assessment of his civil liabilities. DeMaio specifically authorizes release by the IRS to the aforementioned agencies and their representatives of information for purposes of making that assessment. DeMaio further agrees to assent to the filing and allowance of a motion under Rule 6(e) of the Federal Rules of Criminal Procedure, to permit the disclosure of matters occurring before the grand jury for this purpose.

11.   Rejection of Plea by Court

Should DeMaio's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of DeMaio, this Agreement shall be null and void at the option of the U.S. Attorney.

12.   Breach of Agreement

If the U.S. Attorney determines that DeMaio has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to [him/her] under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. DeMaio recognizes that no such breach

by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. DeMaio understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against DeMaio before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement without any limitation. In this regard, DeMaio hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

13.    Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

14. Agreement Contingent on DOJ Tax approval

The obligations of the U.S. Attorney under this agreement are expressly contingent on the approval of this agreement by the Tax Division of the Department of Justice. If such approval is obtained, the U.S. Attorney will notify counsel for DeMaio, at which time the terms of this agreement will become effective. If such approval is not obtained, the U.S. Attorney will notify counsel for DeMaio in writing, at which time the terms of this agreement will become null and void.

15. Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter and in the Agreement Tolling the Statute of Limitations dated January 30, 2009 and the Second Agreement Tolling the Statute of Limitations dated April 15, 2009. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral with the sole exception of those contained in the Agreement Tolling the Statute of Limitations dated January 30, 2009 and the Second Agreement Tolling the Statute of Limitations dated April 15, 2009. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and DeMaio, please have DeMaio sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Mark J. Balthazard.

Very truly yours,

MICHAEL K. LOUCKS
Acting United States Attorney

By: *Diane C. Freniere*
DIANE C. FRENIERE, Chief
White Collar Crime Section

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

FRANK T. DEMAIO
Date: 5/22/09

I certify that Frank T. DeMaio has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

WILLIAM J. LOVETT, ESQ.
Attorney for Frank T. DeMaio

Date: 5/22/09